Paul S. Allen, Chairman Board of Accountancy Landon State Office Building 900 S.W. Jackson, Suite 556 Topeka, Kansas 66612
Dear Chairman Allen:
You request our opinion regarding the authority of the Kansas Board of Accountancy (Board) over individuals who hold Kansas certificates but who do not hold permits to practice public accountancy. Specifically, you inquire whether a person who holds a Kansas certificate but who does not hold a permit to practice public accountancy may perform nonattest services for the public while using the certified public accountant (C.P.A.) designation and whether the Board has statutory authority to require a Kansas certificate holder who does not have a permit to obtain a permit if he or she performs nonattest services while using the C.P.A. designation.
Kansas accountancy law regulates the use of the C.P.A. designation. Since 1951, when the accountancy statutes were first enacted, K.S.A. 1998 Supp. 1-316 has remained essentially unchanged:
 "(a) It is unlawful for any person, except the holder of a valid permit . . . to affix . . . the signature of any such person . . . to any accounting or financial statement, to any opinion on, report on, or certificate to any accounting or financial statement with any word indicating that such person . . . [is] a certified public accountant.
 "(b) It is unlawful for any person, except the holder of a valid Kansas certificate, to use or assume the title `certified public accountant' or to use the abbreviation `C.P.A.' or any other title . . . likely to be confused with `certified public accountant.'"[1] (Emphasis added.)
The Board may grant a Kansas certificate to a person who has passed the C.P.A. examination and meets certain residency and education requirements.[2] A certificate holder may obtain a permit to practice after completing one year of supervised accounting experience.[3] Subsection (b) of K.S.A. 1998 Supp.1-316 allows a certificate holder to use the C.P.A. designation. Subsection (a) restricts such use if performing certain accounting services unless the certificate holder also has a permit.
Clearly, only permit holders may use the C.P.A. designation if they perform the services identified in subsection (a) of K.S.A. 1998 Supp. 1-316. Those services appear to fall within the category of what the accountancy profession calls the "attest" function. Attest functions require that certified public accountants provide opinions on financial statements that are relied upon by third parties. You indicate that attest services include audits, reviews of financial statements, compilations of financial statements, and any examination of prospective financial information to be performed in accordance with certain professional standards.
However, the statutes do not address whether a certificate holder who does not have a permit can use the C.P.A. designation while performing accounting services commonly known as "nonattest" services. You indicate that nonattest services generally include preparing tax returns, providing advice on tax matters, providing management advisory services, and performing financial planning services. K.S.A. 1998 Supp. 1-316 clearly allows any certificate holder who does not have a permit to use the C.P.A. designation as long as he or she does not use it in conjunction with performing the attest functions listed in subsection (a) of K.S.A. 1998 Supp.1-316.
K.S.A. 1998 Supp. 1-318 allows the Board to seek an injunction against a person who has "engaged in any acts . . . which constitute . . . a violation of K.S.A. 1-316 or any valid rules and regulations of the board." Since K.S.A. 1998 Supp. 1-316(a) only applies to the performance of certain attest functions and subsection (b) allows certificate holders to use the C.P.A. designation without restriction, it is our opinion that K.S.A. 1998 Supp. 1-316 does not prohibit a certificate holder who does not have a permit from using the C.P.A. designation in conjunction with performing nonattest services for the public.
However, we must address whether a certificate holder who does not have a permit and who performs only nonattest services for the public while using the C.P.A. designation violates any "validrules and regulations of the Board." (Emphasis added.) If so, the Board can seek injunctive relief pursuant to K.S.A. 1998 Supp.1-318.
K.A.R. 74-4-1 provides, in part:
 "(a) Each person who practices as a certified public accountant . . . as defined in K.A.R. 74-5-2, shall hold an active permit to practice."
K.A.R. 74-5-2(l) defines the "practice of public accountancy" as follows:
 "`Practice of public accountancy' means offering to perform or performing for a client one or more types of services involving the use of the following, while stating or implying that one is a certified public accountant:
1. Accounting skills;
2. Auditing skills;
 3. One or more types of management advisory services, including financial planning;
4. Preparation of tax returns; or
5. Furnishing of advice on tax matters." (Emphasis added.)
"`Certified public accountant' is a holder of a Kansas certificate."[4]
Administrative agencies, such as the Kansas Board of Accountancy, are creatures of statute whose power is dependent upon authorizing statutes.[5] Any exercise of authority claimed by the agency must come from the statutes either expressly or by clear implication.[6] Regulations that are inconsistent with the statutory power of an agency are void.[7]
In Kansas Human Rights Commission v. Topeka GolfAssociation[8], the Kansas Court of Appeals concluded that a regulation seeking to restrict the statutory exemption of a "social association" exceeded the authority of the Kansas Human Rights Commission (KHRC). In that case, the KHRC assessed fines against the Topeka Golf Association (Association) for sexual discrimination. The Association successfully argued that the statutes exempted "social associations and corporations" from the purview of the KHRC. The regulation at issue required that a social association or corporation meet five requirements before being considered exempt. The KHRC concluded that the Association failed to meet all of the requirements and was, therefore, not exempt.
Both the district court and the Kansas Court of Appeals found that while the statutes authorized the KHRC to adopt rules to carry out the provisions of the Kansas Acts Against Discrimination, the regulation exceeded the authority given to it by the Legislature:
 "K.S.A. 44-1004(3) specifically gives the KHRC the power and duty `to adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions of [the KAAD] and the policies and practices of the commission in connection therewith.' [Citations omitted.]
 "The Supreme Court has clearly defined the limits to which an agency may adopt regulations under the statute quoted above:
 "`Pursuant to K.S.A. 44-1004(3), the [KHRC] has the authority to "adopt . . . suitable rules and regulations to carry out the provisions of the [Act]." However, this authority is administrative, not legislative, and to be valid must be within the authority conferred by statute. A rule or regulation which goes beyond that which the legislature has authorized, or which violates the statute, or which alters, extends, or limits the source of its legislative powers is void.' [Citations omitted.]
 "In Willcott v. Murphy, the Supreme Court declared that `the power to regulate, though declared to be broad, nevertheless, falls short of the power to legislate.' In State, ex rel. v. Columbia Pictures Corporation, the following is stated: `The authority to declare the public policy of this state is vested in the legislature, not an administrative board.'" [Emphasis in original text.]
The Board is authorized to enact regulations as it deems "necessary for the proper administration of its duties and the carrying out of the purposes of the [accountancy] act."[9] The Board is also authorized to "adopt rules of professional conduct and "do all things necessary to carry out the intent of the act."[10] However, crafting regulations that do not legislate but simply carry out the "intent" of the accountancy act is difficult when the act itself does not address the parameters of the practice of public accountancy by a certified public accountant except to restrict certain accounting services to permit holders who use the C.P.A. designation.
A review of the accountancy statutes reveals that the Board may grant certificates to those persons who have passed the certified public accountant examination and that a Kansas certificate holder may not acquire a permit to practice until the certificate holder completes one year of accounting experience.[11] Permit holders must renew their permits every two years and obtain continuing education.[12] Finally, the Board may discipline both certificate holders and permit holders for committing the same acts including dishonesty in the "practice as a public accountant."[13] Clearly, the Act does not address the practice of public accountancy and differentiate between what certificate holders may do, if anything, and what permit holders may do, except for the reservation of certain accounting services by permit holders who use the C.P.A. designation.
Since the Board has no legislative power, it may only enact regulations that are administrative in nature and no regulation may conflict with K.S.A. 1998 Supp. 1-316 which clearly gives to a certificate holder who does not have a permit the right to use the C.P.A designation except when performing those attest functions listed in subsection (a) of K.S.A. 1998 Supp. 1-316.
The practice of public accountancy, as defined in K.A.R.74-5-2(l), includes both attest and nonattest functions by a person who states that he or she is a C.P.A. It is our opinion that what K.A.R. 74-4-1 and 74-5-2(l) purport to do is broaden the authority of the Board over certificate holders who do not have permits by requiring them to obtain permits if they use the C.P.A. designation in conjunction with performing nonattest services for the public.
Following the rationale of the Topeka Golf Association case, it is our opinion that this requirement is inconsistent with K.S.A. 1998 Supp. 1-316 which clearly allows a certificate holder who does not hold a permit to use the C.P.A. designation without restrictions provided the person does not use it in conjunction with performing those attest services listed in subsection (a) of K.S.A. 1998 Supp. 1-316.
Consequently, K.A.R. 74-4-1 and 74-5-2(l) are invalid to the extent that they require a Kansas certificate holder to obtain a permit if he or she uses the C.P.A. designation while performing accounting services for the public not listed in subsection (a) of K.S.A. 1998 Supp. 1-316.
If the Board wants to expand the practice of public accountancy to include the performance of nonattest services while using the C.P.A. designation and require a permit for those who perform this type of service, it may want to consider requesting legislation to do so.
Summarizing, it is our opinion that K.S.A. 1998 Supp. 1-316 does not prohibit a Kansas certificate holder who does not have a certified public accountant permit from using the C.P.A. designation in conjunction with performing nonattest services for the public. Moreover, K.A.R. 74-4-1 and 74-5-2(l) which purport to require a certificate holder to obtain a permit if that person uses the C.P.A. designation in conjunction with performing nonattest services for the public are inconsistent with K.S.A. 1998 Supp. 1-316 and, are, therefore, invalid to that extent.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 1998 Supp. 1-316.
[2] K.S.A. 1998 Supp. 1-302.
[3] K.S.A. 1998 Supp. 1-302b.
[4] K.A.R. 74-5-2(c).
[5] Pork Motel, Corp. v. Kansas Dept. of Health andEnvironment, 234 Kan. 374, 378 (1983).
[6] Pork Motel, supra.
[7] Halford v. City of Topeka, 234 Kan. 934, 940 (1984).
[8] 18 Kan. App. 2d 581 (1993), aff'd., 254 Kan. 767 (1994).
[9] K.S.A. 1998 Supp. 1-202.
[10] See, footnote 9.
[11] K.S.A. 1998 Supp. 1-302, 1-302b.
[12] K.S.A. 1998 Supp. 1-310.
[13] K.S.A. 1998 Supp. 1-311.